

MSG
B40D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEIANA JORDAN<br>1722 N. 61st Street<br>Philadelphia, PA 19151<br>        Plaintiff,<br><br>v.<br><br>PEDIATRIC DENTAL ASSOCIATES,<br>PLLC<br>6404 Roosevelt Blvd.,<br>Philadelphia, PA 19149<br><br>        Defendant. | CIVIL ACTION NO. 19   2602<br><br><u>**JURY TRIAL DEMANDED**</u><br><br>FILED<br>JUN 14 2019<br>KATE BARKMAN, Clerk<br>      Dep. Clerk |

### COMPLAINT

Plaintiff, Keiana Jordan ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Defendant, Pediatric Dental Associates, PLLC ("Defendant"), alleges as follows:

### INTRODUCTION

1. Plaintiff initiates this action contending that Defendant has violated Plaintiff's rights protected by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981 ("Section 1981"). As a result, Plaintiff suffered damages as set forth herein.

### PARTIES

2. Plaintiff Keiana Jordan is a citizen of the United States and Pennsylvania, and currently maintains a residence at 1722 North 61st Street, Philadelphia, PA 19151.



3. Defendant Pediatric Dental Associates, PLLC is a domestic corporation organized and existing under the laws of the Commonwealth of Pennsylvania, which operates a place of business at 6404 Roosevelt Boulevard, Philadelphia, PA 19149.

## JURISDICTION AND VENUE

4. On or about March 4, 2019, Plaintiff filed a Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC"), thereby satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e). Plaintiff's EEOC Charge was docketed as EEOC Case No. 530-2019-02345. Plaintiff's EEOC Charge was filed within the applicable time limit associated with this dispute.

5. By correspondence dated March 19, 2019, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising her that she had ninety (90) days to file suit against Defendant.

6. Accordingly, this lawsuit was filed within that time frame.

7. This action is for violations by Defendant of Plaintiff's rights protected by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.,* and 42 U.S.C. § 1981 ("Section 1981").

8. This Court has original jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1343 and 1331, as it is a civil rights action arising under the laws of the United States.

9. The venue in this district is proper under 28 U.S.C. § 1391(b), as the parties reside in this judicial district and the events giving rise to this action occurred in this judicial district.

## FACTS RELEVANT TO ALL CLAIMS

10. Paragraphs 1 through 8 are hereby incorporated by reference, as though the same were fully set forth at length herein.

2

11. On or around November 21, 2019, Plaintiff was hired by Defendant as a Supervisor.

12. At all times material hereto, Plaintiff never received any justifiable discipline.

13. By way of background, Plaintiff is African American, and belongs to a protected class.

14. Shortly after Plaintiff began working, two of Plaintiff's colleagues, Ashely Colon ("Ashley") and Ruthie Colon ("Ruthie") would make comments, *inter alia*, "not sure why they are always hiring these black bitches knowing they're not going to last here." Upon information and belief, both Ashely and Ruthie are Puerto Rican.

15. On or around January 22, 2019, Plaintiff complained to Melinda Kane ("Ms. Kane"), Defendant's Pediatric Manager, who is Caucasian, regarding the above-referenced commentary.

16. In response to Plaintiff's complaints, Ms. Kane advised she would investigate and have a team meeting.

17. However, upon information and belief, no investigation or meeting was conducted.

18. Subsequently, Ashley continued to make racial remarks towards Plaintiff.

19. On or around February 14, 2019, Plaintiff complained to Defendant's Human Resources Representative ("HR"), Bridget Jackson ("Ms. Jackson") regarding the discriminating commentary.

20. In response, Ms. Jackson informed Plaintiff she would conduct an investigation.

21. Upon information and belief, no investigation took place.

22. On or about February 28, 2019, Joyce Zuccarini ("Ms. Zuccarini"), Defendant's Director, terminated Plaintiff because she "did not fit the look."

23. Critically, Defendant gave Plaintiff a severance package and said, "hopefully this will do the trick."

24. Upon information and belief, Ashley and Ruthie still remain employed by Defendant.

25. Therefore, it is believed that Plaintiff's termination was motivated by unlawful race and color discrimination and in retaliation of her complaints of same, in direct violation of Title VII.

26. As a result of Defendant's discriminatory actions, Plaintiff has and is suffering mental, physical, and economic damages, including but not limited to, loss of income and loss of benefits.

## COUNT I
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## 42 U.S.C. § 2000e, *et seq.*
## RACE DISCRIMINATION AND RETALIATION

27. Paragraphs 1 through 26 are hereby incorporated by reference, as though the same were fully set forth at length herein.

28. Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e, *et seq.*, in that Defendant unlawfully and illegally discriminated against Plaintiff on the basis of her race (African American), a protected class under Title VII.

29. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

30. Defendant terminated Plaintiff on the basis of her race and in retaliation for her complaints of same.

4

31. Because of Defendant's unlawful acts, Plaintiff suffered damage in the form of, *inter alia*, loss of past and future wages and compensation, loss of reputation and standing in the professional community, personal humiliation, embarrassment, and loss of life's enjoyment.

32. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, and loss of other significant economic benefits.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

(A) Back wages, front pay, loss of health and retirement benefits, raises, and bonuses in an amount to be determined at trial, but no less than One Hundred and Fifty Thousand Dollars ($150,000.00);

(B) Compensatory damages;

(C) Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

(D) Pre-judgment interest in an appropriate amount; and

(E) Such other and further relief as is just and equitable under the circumstances.

**COUNT II**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. § 1981**
<u>**RACE DISCRIMINATION AND RETALIATION**</u>

33. Paragraphs 1 through 32 are hereby incorporated by reference, as though the same were fully set forth at length herein.

34. Defendant violated 42 U.S.C § 1981 in that Defendant unlawfully and illegally discriminated against Plaintiff on the basis of her race (African American), a protected class under Section 1981.

35. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

36. Defendant terminated Plaintiff on the basis of her race and in retaliation for her complaints of same.

37. Because of Defendant's unlawful acts, Plaintiff suffered damage in the form of, *inter alia*, loss of past and future wages and compensation, loss of reputation and standing in the professional community, personal humiliation, embarrassment, and loss of life's enjoyment.

38. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, and loss of other significant economic benefits.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

(A) Back wages, front pay, loss of health and retirement benefits, raises, and bonuses in an amount to be determined at trial, but no less than One Hundred and Fifty Thousand Dollars ($150,000.00);

(B) Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

(C) Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

(D) Pre-judgment interest in an appropriate amount; and

(E) Such other and further relief as is just and equitable under the circumstances.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: _____
Preeya Bansal, Esquire
Michael Murphy, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
215.375.0961 or 267.273.1054
pbansal@phillyemploymentlawyer.com
murphy@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated: June 14, 2019

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.